Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan B. Gottschall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 1939 | **DATE** | 12/8/2000 |
| **CASE TITLE** | Margaret Kavouras vs. Village of Justice, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ■ Status hearing set for 1/4/01 at 9:30 A.M..
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Defendants' motion to dismiss [35] is granted in part, denied in part. A status hearing is set for 1/4/01 at 9:30 A.M.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | DEC 1 2 2000 date docketed | 42 |
| ✓ | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| | courtroom deputy's initials RJ | ED-7 FILED FOR DOCKETING 00 DEC 11 AM 9:51 | date mailed notice |
| | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MARGARET E. KAVOURAS, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 99 C 1939 |
| | ) | |
| VILLAGE OF JUSTICE, et al. | ) | Judge Joan B. Gottschall |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

### Background

DOCKETED
DEC 1 2 2000

Margaret Kavouras initiated this action by filing a three-count *pro se* complaint against the Village of Justice and "certain unknown officers and agents" of the Village of Justice. Kavouras sought relief against the Village under 42 U.S.C. § 1981 and § 1983, based on alleged violations of the Fourth and Fourteenth Amendments. The alleged constitutional violations were founded primarily on allegations that certain unidentified police officers followed and harassed Kavouras, provided information about her to a credit reporting agency, and issued her several parking tickets. The Village of Justice moved to dismiss the complaint on multiple grounds. On March 27, 2000, this court entered an order granting the Village's motion in part, and denying it in part. In that order, this court held that the *pro se* complaint alleged a § 1983 claim against the Village because it adequately alleged a "custom or policy of the municipality," *see Looper Maintenance Serv. v. City of Indianapolis*, 197 F.3d 908, 912 (7th Cir. 1999), and it adequately stated equal protection and substantive due process constitutional violations. The complaint alleged an equal protection violation of the unusual type described in *Esmail v. Macrane*, 53 F.3d 176, 179-80 (7th Cir. 1995) and *Olech v. Village of Willowbrook*, 160 F.3d 386, 387-88 (7th Cir. 1998) *aff'd*, 528 U.S. 562 (2000). The complaint also stated a valid substantive due process

claim deriving from her allegation that the Village arbitrarily and unreasonably provided information about her to a credit reporting agency. Thus, the order denied the motion to dismiss as to the § 1983 claim, insofar as it was based on these constitutional violations.

The remainder of Kavouras' claims, including the § 1981 claims, the claims against unknown officers, those based on underlying Fourth Amendment violations, and the claim for punitive damages against the Village, were dismissed. Furthermore, the order specifically limited Kavouras' claims by stating that they could not be based on any conduct of police officers that relates to the validity of the parking tickets issued. Because a state court entered judgment upholding the validity of the tickets, any cause of action challenging "the factual or legal basis for the tickets, the methods by which she was ticketed, or the state court proceedings themselves" are barred by the *Rooker-Feldman* abstention doctrine. (*See* Order 3/27/00, at 4).

Following the entry of the March 27 order, Kavouras obtained counsel and filed an amended complaint against the Village of Justice and officers Michael Kurschner and Fred Schuerg, in both their individual and official capacities. The amended complaint consists of only one count under 28 U.S.C. § 1983, alleging that the defendants violated Kavouras' equal protection and substantive due process rights. The defendants have moved, pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss the amended complaint on several grounds. For the reasons set forth below, the defendants' motion to dismiss is granted in part, denied in part.

## Analysis

The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide its merits. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). A court should dismiss a claim only if "it is clear that no relief could be granted under any set of facts

2

that could be proved consistent with the allegations of the complaint." *Cook v. Winfrey*, 141 F.3d 322, 327 (7th Cir. 1998) (citations omitted). The court must accept all well-pleaded factual allegations in the light most favorable to the plaintiff. *Colfax Corp. v. Illinois State Toll Highway Auth.*, 79 F.3d 631, 632 (7th Cir. 1996). Because Kavouras is no longer proceeding *pro se*, the court will not read the complaint as liberally as it did in deciding the first motion to dismiss. Nonetheless, the court concludes that Kavouras has adequately alleged a § 1983 claim against the defendants.

### *Federal Rule of Civil Procedure 8(a)(2)*

Defendants' first argument is that the amended complaint fails to comply with the requirements of Federal Rule 8 because its allegations are too vague. They contend that the complaint lacks the necessary "'who,' 'what,' 'where,' and 'when'" to satisfy Rule 8(a)(2). (Mtn. to Dismiss at 3). Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *See* Fed. R. Civ. P. 8(a)(2). Kavouras' amended complaint satisfies this requirement. The federal pleading requirements are minimal, requiring only that the pleadings place the defendant on notice of the nature of the claims against him. *See Cook*, 141 F.3d at 328. The plaintiff is under no obligation to plead additional facts to support her claim. *See id.*; *see also Strauss v. City of Chicago*, 760 F.2d 765, 767 (7th Cir. 1985) (mere vagueness or lack of detail is not sufficient to require dismissal). In *Cook*, the Seventh Circuit pointed to an example of a sufficient allegation, given in the appendix to the Federal Rules, which states only that "Defendant owes plaintiff ___ dollars for goods sold and delivered by plaintiff to defendant between June 1, 1936 and December 1, 1936." The court noted that the plaintiff did not even have to allege what the goods were, how many there were,

3

where they were delivered, or on what date within the six month range they were delivered. *Cook*, 141 F.3d at 328.

In the present case, Kavouras has alleged that "[b]eginning in or about the fall of 1993 and continuing through June 1999," certain Village officers, including the two individual defendants, "engaged in a pattern of conduct calculated to deprive Plaintiff of her civil and constitutional rights with the deliberate intent to harass and intimidate Plaintiff because of her sex." (Am. Compl. ¶ 10). Despite the longer time interval, this allegation satisfies the pleading requirements of Rule 8 by giving defendants sufficient notice of the claim asserted. The complaint goes beyond this simple statement of the claim, however, and gives examples of specific incidents involving specific officers that the plaintiff claims comprise part of the "continuous pattern of deliberate harassment and intimidation." (Am. Compl. ¶ 24). If defendants are uncertain of any facts necessary to make a responsive pleading, such as the details of the conduct or the identity of all the offending officers, then they may proceed by filing a motion for a more definite statement under Federal Rule 12(e), or through the discovery devices set forth in Federal Rules 26 through 36. *See Cook*, 141 F.3d at 328. By putting the defendants on notice of the nature of the claims against them, Kavouras' complaint satisfies the minimal requirements of Rule 8.

### *Statute of Limitations - Individual Defendants*

Defendants next argue that the allegations against the individual defendants are barred by the Illinois statute of limitations for § 1983 claims. In Illinois, the statute of limitations for actions brought pursuant to § 1983 claims is two years. *Lucien v. Jockisch*, 133 F.3d 464, 466 (7th Cir. 1998). Defendants contend that the latest allegations directed against Schuerg and

4

Kurschner are alleged to have occurred in April 1997 and fall of 1993, respectively. Since these individual officers were not named as defendants until May 26, 2000, they argue that the claims are time-barred.[1]

Kavouras may not base her claims against the individual defendants on conduct that occurred prior to May 26, 1998 unless the conduct comes within the "continuing violation" doctrine. *See Galloway v. General Motors Service Parts Operations*, 78 F.3d 1164, 1166-67 (7th Cir. 1996); *Selan v. Kiley*, 969 F.2d 560, 564-65 (7th Cir. 1992); *see also Wood v. Chicago Bd. of Educ.*, No. 97 C 4742, 1998 WL 832656, at *2 (N.D. Ill. Nov. 20, 1998). Under the continuing violation doctrine, a pattern of harassing conduct is treated as one continuous act, allowing a plaintiff to base his claim on acts that are time-barred by linking them to other acts that are within the limitations period. *See Wilson v. Chrysler Corp.*, 172 F.3d 500, 510 (7th Cir. 1999); *Wood*, 1998 WL 832656 at *2. This doctrine has been developed primarily in sexual harassment cases, because in those cases, "duration is often necessary to convert what is merely offensive behavior, and therefore not actionable under Title VII, . . . into an actionable alteration in the plaintiff's working conditions." *Dasgupta v. University of Wisconsin Bd. of Regents*, 121 F.3d 1138, 1139 (7th Cir. 1997) (citations omitted).

In this case, Kavouras argues that the allegations occurring outside of the limitations period are not time-barred because she also alleged acts occurring within the limitations period that were "part of the pattern of unlawful conduct by Defendants." (Pl.'s Resp. Brief at 10). The

---

[1] Kavouras argues that all of the allegations in the amended complaint relate back to her earlier *pro se* complaint. For purposes of deciding the present motion, the question of whether or not the allegations contained in the amended complaint relate back to the *pro se* complaint does not need to be answered, because the court finds that Kavouras' amended complaint adequately alleges a "continuing violation."

court agrees that Kavouras has adequately alleged conduct within the limitations period and has adequately alleged a link between that conduct and conduct that is otherwise time-barred. Specifically, the amended complaint alleges that the individual defendants "engaged in a pattern of conduct . . . with the deliberate intent to harass and intimidate Kavouras because of her sex." (Am. Compl. ¶ 10). Further, Kavouras alleges that this pattern of conduct began "in or about the fall of 1993 and continuting through June 1999" and was "pursuant to municipal custom or policy." (*Id.*).

Aside from paragraph 10, other portions of the amended complaint allege that Kurschner and Schuerg were involved in harassing activities taking place within the limitations period. In paragraph 19, Kavouras alleges that "on various occasions in or about November 1997 through June 1999," Village of Justice police officers followed her car too closely "with the deliberate intent to harass and intimidate Plaintiff because of her sex." (Am. Compl. ¶19). Then, in paragraph 20, Kavouras seems to allege that Kurschner and Schuerg were involved in the acts set forth in previous paragraphs, including paragraph 19. (Am. Compl. ¶20).[2] In the context of a motion to dismiss, the court concludes that Kavouras might be able to prove a set of facts consistent with the amended complaint that would link the earlier conduct of Kurschner and Schuerg to later harassing conduct, such as that alleged in paragraph 19. Thus, the court refuses

---

[2]Although the amended complaint does not unambiguously allege that the individual defendants participated in all of the harassing activities described in paragraph 19 and elsewhere, the court must read the complaint liberally on a motion to dismiss. *See Riemer v. Illinois Dept. of Transp.*, 148 F.3d 800, 804 (7th Cir. 1998) (citing *Leatherman v. Tarrant County Narcotics Intelligence & Coord. Unit*, 507 U.S. 163, 168 (1993)). Doing so, the court finds that the amended complaint alleges that Kurschner and Schuerg were involved in harassing conduct occurring within the limitations period, including the conduct described in paragraph 19. (*See* Am. Compl. ¶¶ 10, 20). Of course, this is not to say that plaintiff will be able to prove that the individual defendants did, in fact, participate in any harassing conduct.

6

to dismiss the claims against the individual defendants.

Anticipating the application of the "continuing violation" doctrine, the defendants contend that Kavouras may not rely on that doctrine in the present case, because she "knew or should have known after each act that the defendant's conduct was improper." (Mtn. to Dismiss at 4). Defendants, however, provide no support for that contention. It is not at all clear to the court that the conduct alleged to have occurred prior to May 26, 1998 would have alerted the plaintiff to the existence of a valid *Esmail* equal protection claim against the defendants. The nature of an *Esmail* claim is that "the power of government is brought to bear on a harmless individual merely because a powerful state or local official harbors a malignant animosity toward him." *Esmail*, 53 F.3d at 179. In *Esmail*, the activity complained of was an "orchestrated campaign of official harassment directed against [the plaintiff] out of sheer malice." *See id.* Kavouras complains of a similar campaign; one which might not have been detected by her until after a significant number of incidents. Much like sexual harassment, recognizing an actionable claim that there is an orchestrated campaign by municipal officials to "get" you may require looking back on the cumulative effect of a number of incidents that may not have appeared improper standing alone.

### *Statute of Limitations - Village of Justice*

Defendants next argue that the claim against the Village is time-barred. Defendants assert that any allegations of conduct occurring over two years ago must be dismissed pursuant to the statute of limitations, and that all other allegations that might possibly fall within the limitations period are impermissibly vague. However, as noted above, the plaintiff has adequately alleged a continuing violation such that the specific allegations of conduct occurring

7

prior to the limitations period are not time-barred. Furthermore, the court has rejected the defendants' argument that plaintiff's other allegations are too vague to meet the requirements of Federal Rule 8(a)(2). Therefore, the claim against the Village of Justice is not time-barred.

### Claims Against Individual Defendants in Their Official Capacity

Defendants correctly note that claims against government officials in their official capacity are actually suits against the governmental body itself. *See Tabor v. City of Chicago*, 10 F. Supp. 2d 988, 991 (N.D. Ill. 1998); *Kelly v. McHenry County*, No. 93 C 20194, 1994 WL 149707, at *4 (N.D. Ill. Apr. 11, 1994). Because Kavouras has successfully alleged a claim against the Village of Justice, the claims against Kurschner and Schuerg in their official capacities are redundant and unnecessary. *See Tabor*, 10 F. Supp. 2d at 991; *Kelly*, 1994 WL 149707 at *4. Kavouras argues that because the individual defendants may be liable for punitive damages, *see Smith v. Wade*, 461 U.S. 30, 56 (1983), she is merely pleading in the alternative. *Smith*, however, only held that officials in their *individual capacities* could be liable for punitive damages. *See id.* at 35, 56. Punitive damages are generally not available against individual defendants sued in their official capacities. *See Hill v. Shelander*, 924 F.2d 1370, 1373 (7th Cir. 1991); *Kolar v. County of Sangamon of the State of Illinois*, 756 F.2d 564, 569 (7th Cir. 1985). Thus, the claims against Kurschner and Schuerg in their official capacities are redundant with the claim against the Village and are therefore dismissed. Plaintiff may still seek punitive damages against Kurschner and Schuerg in their individual capacities.

### Rooker-Feldman *Doctrine*

Next, defendants argue that the *Rooker-Feldman* doctrine bars Kavouras' claim. The arguments advanced by defendants in this regard are substantially the same as the arguments

8

presented to the court in the defendants' motion to dismiss the original *pro se* complaint. As stated in the March 27 Order, this court has jurisdiction to hear Kavouras' claims to the extent they are not challenging the factual or legal basis for the parking tickets, the methods by which they were issued, or the state court proceedings themselves. Thus, Kavouras' allegations "that officers harassed and intimidated her by parking outside her home and following her closely in a police car" are properly before the court. (Order 3/27/00, at 4). Defendants assert that these allegations necessarily relate to the "method" by which the parking tickets were issued. The court disagrees. Although defendants may be able to establish, through the production of evidence, that parking outside of Kavouras' home and following her were part of the method by which the tickets were issued, the court cannot be certain of that fact on the record currently before the court. Thus, the court is unwilling to dismiss Kavouras' claims on the basis of the *Rooker-Feldman* doctrine at this early stage of the proceedings, before any evidence has been produced.

### *Procedural Due Process*

In the March 27 Order, the court held that the *pro se* complaint did not adequately allege a procedural due process claim. The amended complaint does not attempt to allege such a claim. Thus, the defendants' argument that any procedural due process claims should be dismissed is moot.

### *Substantive Due Process*

The March 27 Order held that the *pro se* complaint failed to allege a substantive due process claim based on a Fourth Amendment violation, but that Kavouras had successfully stated a substantive due process claim by alleging that the Village made an arbitrary and irrational

9

decision to provide her name to a credit reporting agency, in violation of equal protection under *Esmail*. (Order 3/27/00, at 9-10). In the amended complaint, Kavouras has not attempted to allege a Fourth Amendment violation. Nor has Kavouras renewed her allegation regarding the Village's decision to provide her name to a credit reporting agency. Thus, Kavouras fails to allege any "arbitrary or irrational" governmental decision as required for a valid claim of substantive due process claim. *See Draghi v. County of Cook*, 184 F.3d 689, 694 (7th Cir. 1999); *Doherty v. City of Chicago*, 75 F.3d 318, 325 (7th Cir. 1996). As a result, the court dismisses any claims against any of the defendants, to the extent they are based on substantive due process violations.

### *Equal Protection*

Defendant next argues that Kavouras has not adequately alleged an equal protection violation. Significantly, however, Kavouras' allegations with respect to the conduct of police officers following her, parking outside of her home, and harassing her, are very similar to the allegations in the *pro se* complaint. Although Kavouras' amended complaint is not to be read as generously as her earlier *pro se* complaint, the court nonetheless finds that she has adequately alleged an equal protection claim under *Esmail*. Plaintiff has alleged that the conduct of the Village police officers was attributable to a municipal custom or policy to deliberately harass Kavouras. If the conduct alleged was truly the result of a "vindictive campaign" against Kavouras, then she might be entitled to recover under the *Esmail* theory. The Seventh Circuit has recognized a cognizable equal protection claim where "a person can prove that 'action taken by the state, whether in the form of prosecution or otherwise, was a spiteful effort to "get" him for reasons wholly unrelated to any legitimate state objective.'" *Olech*, 160 F.3d at 387 (quoting

10

*Esmail*, 53 F.3d at 180). Kavouras' amended complaint adequately places defendants on notice of her claim under this theory, especially when considered in light of this court's March 27 Order.

Defendants nonetheless argue that Kavouras has not even adequately pled this theory of equal protection, because she has not alleged that the state action was wholly unrelated to any legitimate state objective. (Mtn. to Dismiss at 11). Kavouras' complaint, however, specifically alleges that the officers' conduct was "wholly unrelated to any legitimate state objective." (Am. Compl. ¶ 21). Plaintiff's complaint, therefore, adequately alleges an equal protection violation of the type recognized in *Esmail* and *Olech*.

### *Municipal Liability*

Defendants argue that Kavouras has not adequately alleged a *Monell* claim of municipal liability based on a policy or custom. *See Monell v. Department of Soc. Servs. of the City of New York*, 436 U.S. 658, 690-91 (1978). In order to recover against the Village under § 1983, Kavouras must show that the violations resulted from either 1) "an express policy," 2) a "widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law," or 3) "the actions of a person with final policymaking authority." *Looper Maintenance Serv. v. City of Indianapolis*, 197 F.3d 908, 912 (7th Cir. 1999) (internal quotation marks and citation omitted).

Kavouras has apparently tried to plead all three of these bases for municipal liability, by alleging that the harassing conduct was "pursuant to municipal custom or policy," (Am. Compl. ¶ 10), and that police chief Paul Wasik, "an individual with policy making authority . . . knew or should have known of the actions [complained of]." (Am. Compl. ¶ 22). Admittedly, these

11

allegations are very conclusory. However, the Seventh Circuit's recent decision in *McCormick v. City of Chicago*, 230 F.3d 319, 324-25 (7th Cir. 2000), makes it clear that such a "smattering of [conclusory] phrases" is sufficient to overcome a motion to dismiss under the U.S. Supreme Court's ruling in *Leatherman*. Thus, the amended complaint adequately states a *Monell* claim for municipal liability under § 1983.

*Punitive Damages Against the Village*

Defendants' final argument is that any claims for punitive damages against the Village must be dismissed. Defendants correctly note that units of government are immune from claims for punitive damages under § 1983. *See City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981). Thus, Kavouras' claim for punitive damages is dismissed as to the Village.

## Conclusion

For the foregoing reasons, defendants' motion to dismiss is granted as to: 1) the claims against Kurschner and Schuerg in their official capacities, 2) the claims based on substantive due process violations, and 3) the claim for punitive damages against the Village. Defendants' motion to dismiss is denied in all other respects.

ENTER:

_____
JOAN B. GOTTSCHALL
United States District Judge

DATED: December 8, 2000

12